# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

DIAMONDHEAD COUNTRY CLUB
AND PROPERTY OWNERS ASS'N, INC.                                    **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO.1:06CV1272 LTS-RHW**

TRANSCONTINENTAL INSURANCE COMPANY
and BANCORPSOUTH INSURANCE SERVICES, INC.
d/b/a STEWART SNEED HEWES                                           **DEFENDANTS**

## MEMORANDUM OPINION
## ON PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

This is an action to recover insurance benefits for property damage sustained during Hurricane Katrina. The action originally involved only two parties of diverse citizenship. Plaintiff has amended its complaint to include a non-diverse defendant, Bancorpsouth Insurance Services, Inc. (Bancorpsouth) The original defendant, Transcontinental Insurance Company (Transcontinental) did not object to the plaintiff's motion to amend the complaint, and the motion to amend was granted by text order entered on May 11, 2007. The amended complaint was filed on May 15, 2007. Plaintiff has now filed its motion [16] asking the Court to dismiss this action without prejudice so that the plaintiff will be free to seek relief against both defendants in a state court forum.

The amended complaint presents an arrangement of parties that will not support this Court's jurisdiction based on diversity of citizenship under 28 U.S.C. §1332. Both plaintiff and Bancorpsouth are Mississippi citizens for purposes of ascertaining the Court's diversity jurisdiction. The amended complaint alleges, as an alternative grounds for recovery, that Bancorpsouth was negligent in procuring insurance coverage for the plaintiffs. Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992); *See: Haggans v. State Farm Fire and Casualty Company*, 803 So.2d 1249 (Miss. 2002). Thus, the plaintiff's theory of recovery against Bancorpsouth has facially valid theoretical underpinnings.

If I am to retain jurisdiction of this action, I must dismiss the plaintiff's claims against Bancorpsouth. If I were to deny the plaintiff's motion to dismiss, dismiss the plaintiff's claim against Bancorpsouth without prejudice, and retain jurisdiction of this action, the plaintiff would still be free to pursue its cause of action against Bancorpsouth in state court, but that would necessarily result in the litigation of two, rather than one, lawsuits. This action has been pending less than seven months, and my review of the docket indicates that the case has not progressed beyond the stage of initial pleadings.

Although I understand that Transcontinental objects to the dismissal of this action without prejudice, it has filed no counterclaim, and I believe in these circumstances the interests of justice and considerations of efficiency in the use of scarce judicial resources make the granting of the plaintiff's motion just.  Accordingly, I will grant the plaintiff's motion under F.R.Civ.P. 41(b).

An appropriate order will be entered.
'
**DECIDED** this 25th day of July, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE